IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| FABIAN PINEDA-GARCIA, BOP ID 66160-019, Movant pro se, <br><br> v. <br><br> UNITED STATES OF AMERICA, Respondent. | MOTION TO VACATE 28 U.S.C. § 2255 <br><br> CRIMINAL ACTION FILE NO. 4:14-CR-28-2-HLM-WEJ <br><br> CIVIL ACTION FILE NO. 4:16-CV-133-HLM-WEJ |

## FINAL REPORT AND RECOMMENDATION

In May 2016, Fabian Pineda-Garcia filed a pro se Motion [to] Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, alleging therein that (1) his attorney ignored a direct request to file an appeal, and (2) he exercised due diligence in discovering this fact. (See Mot. to Vacate [58].) The undersigned appointed counsel to represent Mr. Pineda-Garcia and held an evidentiary hearing. For the reasons set forth below, the undersigned **RECOMMENDS** that Mr. Pineda-Garcia's § 2255 motion be **GRANTED** to the limited extent that his sentence be vacated and reimposed to afford him the opportunity to file an out-of-time direct appeal.

It is black-letter law that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). It is also black-letter law that when this occurs, prejudice is presumed. See id. at 483.

At the evidentiary hearing on his § 2255 motion, Mr. Pineda-Garcia, a Spanish speaker not fluent in English, testified that he gave the specific instruction "apele" to his attorney at the conclusion of the sentencing hearing. (See Trans. of Evid. Hearing held Nov. 18, 2016 [78] at 8-9, 11.) Mr. Pineda-Garcia's attorney did not contradict this testimony; he stated rather that he did not hear this request and never spoke again with Mr. Pineda-Garcia after the sentencing hearing. (See id. at 46, 64-65, 68.)[1] Defendant's counsel sought to speak to Mr. Pineda-Garcia in lock-up after the sentencing hearing, but by the time he got there, the Marshals had transported him to the local jail where he was being held. (Id. at 63.) Within a few days of the sentencing hearing, a family member contacted defendant's counsel, but did not ask him to file an appeal. (Id. at 66-67.)

---

[1] In the future, when dealing with Spanish-speaking clients, Mr. Jones might consider following the example set by counsel for Mr. Pineda-Garcia's co-defendant, who spoke to and corresponded with her client after sentencing and confirmed by letter that he did not wish to file an appeal. (See Final R. & R. of Aug. 29, 2016 [62] at 2-3).

2

Given that defendant's counsel did not hear Mr. Pineda-Garcia say "apele," and thus cannot contradict his client's claim that he asked that an appeal be filed, the undersigned must credit the defendant's testimony as true. Mr. Pineda-Garcia's use of the Spanish word "apele," rather than the English word "appeal," was sufficient to express his desire to have his attorney file an appeal.

Consequently, Mr. Pineda-Garcia's counsel's conduct was professionally unreasonable and prejudicial. See Flores-Ortega, 528 U.S. at 477 & 483.[2] This conclusion remains valid even "where the defendant signed, as part of his plea agreement, a limited waiver of his right to appeal his sentence." Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005). Thus, Mr. Pineda-Garcia's claim that he received ineffective assistance of counsel when his request that an appeal be filed on his behalf was ignored has merit and warrants the grant of relief, even though he executed a limited waiver of appeal in his plea agreement (and even though any appeal may ultimately be dismissed on that basis).

---

[2] The above conclusion should not be taken as criticism of defendant's counsel. He testified that, had he heard Mr. Pineda-Garcia ask for an appeal to be filed, he would have filed one. (Tr. 46.) As famously stated by the Captain (Strother Martin) to the prisoner (Paul Newman), "What we've got here . . . is failure to communicate." *Cool Hand Luke* (Warner Bros. 1967).

The government argues that Mr. Pineda-Garcia's § 2255 motion should nonetheless be denied because he waited too long to file it. (See Resp. [80] at 13-18.) But, under the specific circumstances presented in this case, Mr. Pineda-Garcia's § 2255 motion was timely-filed.

Federal law requires that a § 2255 motion be filed within one year of the last to occur of four specified events. See 28 U.S.C. § 2255(f). In this case, the relevant date is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. at (f)(4). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option," and the "inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system," Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002) (internal quotation marks and citations omitted).

Even under that standard, however, it is clear that Mr. Pineda-Garcia did not exercise due diligence. Mr. Pineda-Garcia testified that it was not until April 2016 that he learned that no appeal had been filed on his behalf. (See Trans. of Evid. Hearing held on Nov. 18, 2016 [78] at 11-12.) This was more than twelve months after the deadline to file his notice of appeal had passed, and it is surely longer than

4

it would have taken a reasonable person exercising due diligence to learn this fact. That, however, is not the end of the timeliness inquiry under § 2255(f)(4).

In a recent, albeit unpublished, case, the United States Court of Appeals for the Eleventh Circuit observed that "if the district court finds that the petitioner did not exercise due diligence, it is required to speculate about the date on which the facts could have been discovered with the exercise of due diligence" because "it does seem that a reasonable person, particularly a prisoner, would require some amount of time after the appeal-filing deadline to realize that no appeal had been filed." Dauphin v. United States, 604 F. App'x 814, 818 (11th Cir. 2015) (per curiam).

In this case, judgment was entered against Mr. Pineda-Garcia on March 3, 2015. (See J. and Commitment [39].) Therefore, a notice of appeal was due by March 17, 2015. See Fed. R. App. P. 4(b)(1)(A). Mr. Pineda-Garcia signed and "filed" his § 2255 motion on May 18, 2016 (See Mot. to Vacate 9). See also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) (applying the "mailbox rule" to determine the date of filing of a § 2255 motion). Thus, as long as a reasonable prisoner exercising due diligence in Mr. Pineda-Garcia's situation might not have discovered until May 18, 2015 (or even later)

5

that no notice of appeal had been filed, the § 2255 motion in this case was timely filed.

The undersigned is mindful that the Eleventh Circuit found no "support in [its] case law for [a defendant]'s contention that he was entitled to a presumption that a reasonable person in his situation, exercising due diligence, would not have been able to discover that his attorney did not file an appeal until 90 days after sentencing or the appeal-filing deadline" and left it to the district court to determine "what amount of time was reasonable." Dauphin, 604 F. App'x at 818. Considering Mr. Pineda-Garcia's inability to speak English, his imprisonment in Beaumont, Texas, and, in particular, the failure of his attorney to respond to multiple inquiries made directly and through a family member, the undersigned concludes that a reasonable person exercising due diligence might not have discovered until May 18, 2015 (or later), that the notice of appeal that had been due by March 17, 2015, had not been filed. Indeed, in the Eleventh Circuit an appellant's initial merits brief is not generally due until "40 days after the date on which the record is deemed filed as provided by 11th Cir. R. 12-1," 11th Cir. R. 31-1, and there is no fixed time limit for the filing of the record (which often requires that transcripts be ordered, transcribed, and filed), see Fed. R. App. P. 10,

so it will often be the case that two or more months will pass after a notice of appeal is filed before there is substantive action in a case. Therefore, the undersigned concludes that Mr. Pineda-Garcia's § 2255 motion was timely filed when he signed and mailed it on May 18, 2016.

The Eleventh Circuit has instructed that:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as a remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is . . . dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

The Eleventh Circuit has further instructed that "[a] defendant does not have a right to a new sentencing hearing or a right to be present when resentenced under the Phillips procedure." United States v. Robinson, 648 F. App'x 823, 824 (11th Cir. 2016) (per curiam) (citing United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005) (per curiam)).

In sum: the undersigned **RECOMMENDS** that Mr. Pineda-Garcia be granted relief on his § 2255 motion to the limited extent that his sentence be

7

vacated and reimposed under the Phillips procedure so that he may take an out-of-time appeal.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED**, this 24th day of March, 2017.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE