IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FABIAN PINEDA-GARCIA,

v.

CRIMINAL ACTION FILE
NO.: 4:14-CR-028-02-HLM-WEJ

CIVIL ACTION FILE NO.:
4:16-CV-0133-HLM-WEJ

UNITED STATES OF AMERICA.

## ORDER

This case is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, which Petitioner filed under 28 U.S.C.A. § 2255 ("§ 2255 Motion") [58], on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [81], and on the Government's Objections to the Final Report and Recommendation [85].

I.  **Standard of Review for a Report and Recommendation**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

2

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On June 17, 2014, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Petitioner and a co-defendant. (Indictment (Docket Entry No. 1).) Count one of the indictment charged Petitioner and his co-defendant with conspiring to possess within intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in

3

violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Id. at 1.) Count ten of the indictment charged Petitioner and his co-defendant with possessing with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 18 U.S.C. § 1960(a), 31 U.S.C. § 5330, and 18 U.S.C. § 2. (Id. at 4.)

On November 19, 2014, Petitioner pleaded guilty to count one of the indictment. (Minute Entry (Docket Entry No. 29); Plea Agreement (Docket Entry No. 30).) On March 3, 2015, the Court sentenced Petitioner to 120 months of imprisonment, to be followed by five years of supervised release. (Minute Entry (Docket Entry No. 37); Judgment & Commitment (Docket Entry No. 39).) Petitioner did not file a direct appeal. (See generally Docket.)

4

AO 72A
(Rev.8/8

On May 23, 2016, the Clerk received Petitioner's § 2255 Motion, which Petitioner had signed and mailed on May 18, 2016. (§ 2255 Mot. (Docket Entry No. 58).) In his § 2255 Motion, Petitioner argued that his counsel failed to file a notice of appeal even though Petitioner requested that his counsel file a notice of appeal. (See generally id.)

Judge Johnson appointed counsel to represent Petitioner. (Order of Sept. 9, 2016 (Docket Entry No. 65).) On November 18, 2016, Judge Johnson held an evidentiary hearing on Petitioner's § 2255 Motion. (Minute Entry (Docket Entry No. 77); Evidentiary Hearing Transcript (Docket Entry No. 78).)

On March 24, 2017, Judge Johnson issued his Final Report and Recommendation. (Final Report & Recommendation (Docket Entry No. 81).) Judge Johnson

5

recommended that the Court grant Petitioner's § 2255 Motion to the limited extent that Petitioner's sentence be vacated and reimposed so that Petitioner may take an out-of-time appeal. (Id.) The Court has reviewed the transcript of the evidentiary hearing, and agrees with Judge Johnson's summary of the testimony at that hearing:

> At the evidentiary hearing on his § 2255 motion, [Petitioner], a Spanish speaker not fluent in English, testified that he gave the specific instruction "apele" to his attorney at the conclusion of the sentencing hearing. [Petitioner's] attorney did not contradict this testimony; he stated rather that he did not hear this request and never spoke again with [Petitioner] after the sentencing hearing. [Petitioner's] counsel sought to speak to [Petitioner] in lock-up after the sentencing hearing, but by the time he got there, the Marshals had transported [Petitioner] to the local jail where he was being held. Within a few days of the sentencing hearing, a family member contacted [Petitioner's] counsel, but did not ask him to file an appeal.

6

(Id. at 2 (citations omitted).)[1]

The Government filed Objections to the Final Report and Recommendation. (Objs. (Docket Entry No. 85).) The time period in which Petitioner could respond to the Government's Objections has expired, and the Court concludes that the matter is ripe for resolution.

## III. Discussion

As an initial matter, the Court agrees with Judge Johnson's determination that Petitioner's § 2255 Motion is timely, even though Petitioner filed the Motion more than one year after his conviction became final. (Final Report & Recommendation at 4-7.) Here, the relevant date for

---

[1] The Court therefore overrules the portion of the Government's Objections contending that Judge Johnson incorrectly concluded that Defendant and his relative made multiple inquiries or improperly assessed the evidence. (Objs. (Docket Entry No. 85) at 2-5.)

7

triggering the one-year limitations period is as set forth in § 2255(f)(4): "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The Court agrees with Judge Johnson that Petitioner did not exercise due diligence to learn about the status of his appeal. (Final Report & Recommendation at 4-5.)[2]

As Judge Johnson noted, this "is not the end of the timeliness inquiry under § 2255(f)(4)." (Final Report & Recommendation at 5.) Instead, "if the district court finds that the petitioner did not exercise due diligence, it is required to speculate about the date on which the facts could have been discovered with the exercise of due

---

[2] The Government does not appear to object to this determination. (See generally Objs.)

diligence." Dauphin v. United States, 604 F. App'x 814, 818 (11th Cir. 2015) (per curiam) (citing Aron v. United States, 291 F.3d 708, 711 n.1 (11th Cir. 2002)). The United States Court of Appeals for the Eleventh Circuit has noted that "it does seem that a reasonable person, particularly a prisoner, would require some amount of time after the appeal-filing deadline to realize that no appeal had been filed." Id.

Here, as Judge Johnson noted, Petitioner filed his § 2255 Motion on May 18, 2016. (Final Report & Recommendation at 5; see also § 2255 Motion at 9.) The Court agrees with Judge Johnson that "as long as a reasonable prisoner exercising due diligence in [Petitioner's] situation might not have discovered until May 18, 2015 (or even later) that no notice of appeal had been filed, the §

9

2255 motion in this case was timely filed." (Id. at 5-6.)

Judge Johnson noted:

> Considering [Petitioner's] inability to speak English, his imprisonment in Beaumont, Texas, and, in particular, the failure of his attorney to respond to multiple inquiries made directly and through a family member, the undersigned concludes that a reasonable person exercising due diligence might not have discovered until May 18, 2015 (or later), that the notice of appeal that had been due by March 17, 2015, had not been filed. Indeed, in the Eleventh Circuit[,] an appellant's initial merits brief is not generally due until "40 days after the date on which the record is deemed filed as provided by 11th Cir. R. 12-1," 11th Cir. R. 31-1, and there is no fixed time limit for the filing of the record (which often requires that transcripts be ordered, transcribed, and filed), see Fed. R. App. P. 10, so it will often be the case that two or more months will pass after a notice of appeal is filed before there is substantive action in a case.

(Id. at 6-7 (emphasis in original).) With all due respect to the Government, the Court disagrees with the

10

Government's position that, regardless of whether an objective or subjective standard applies, "the date on which the facts could have been discovered with the exercise of due diligence in this case . . . was earlier than May 18, 2015." (Objs. at 6.) The Court certainly understands and appreciates the Government's contentions that a reasonable person could have done more to discover the status of an appeal. (Id. at 6-7.) The Court, however, cannot agree with the Government that Judge Johnson erred when determining the date on which the facts could have been discovered in this case. The Court overrules the Objections and adopts the portion of the Final Report and Recommendation concluding that Petitioner's § 2255 Motion was timely filed.[3]

---

[3]The Court notes that Judge Johnson does not routinely

11

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 526 U.S. 470, 477 (2000). When this occurs, courts presume prejudice. Id. at 483.

The Court agrees with Judge Johnson's decision to credit as true Petitioner's testimony that he asked for an appeal. (Final Report & Recommendation at 3.) The Court further agrees with Judge Johnson that Petitioner's use of the Spanish word for appeal "was sufficient to express his

---

recommend that the Court grant § 2255 Motions. The Court itself can count on one hand the number of § 2255 Motions that it has granted since the effective date of the Anti-Terrorism Effective Death Penalty Act. The Government can rest assured that, if this Court grants a § 2255 Motion and if Judge Johnson recommends granting a § 2255 Motion, both Judge Johnson and the Court are firmly convinced that a petitioner has stated a valid claim. That is especially true in a case such as this one, where the petitioner has been deprived of his right to file an appeal.

AO 72A
(Rev.8/8
2)

desire to have his attorney file an appeal." (Id.)[4] As a result, Petitioner's counsel's conduct was professionally unreasonable and prejudicial.[5] That is true even though Petitioner's plea agreement contained an appeal waiver provision. Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005). The Court therefore grants Petitioner's § 2255 Motion to the extent that Petitioner is entitled to file an out-of-time appeal.

The Eleventh Circuit has noted:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following

---

[4]The Government does not appear to object to this portion of the Final Report and Recommendation. (See generally Objs.)

[5]As Judge Johnson noted, this remark "should not be taken as criticism of [Petitioner's] counsel," as it appears that what occurred was a failure to communicate. (Final Report & Recommendation at 3 n.2.)

13

way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the Phillips procedure." United States v. Robinson, 648 F. App'x 823, 824 (11th Cir. 2016) (per curiam) (citing United States v. Parris, 427 F.3d 1345, 1348 (11th Cir. 2005) (per curiam). The Court will follow that procedure here.

14

AO 72A
(Rev.8/8
2)

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [81], **OVERRULES** the Government's Objections to the Final Report and Recommendation [85], and **GRANTS** Petitioner's § 2255 Motion [58] to the limited extent of vacating and reimposing Petitioner's sentence so that Petitioner may take an out-of-time appeal. The Court **VACATES** the Judgment and Commitment Order issued in this case [39], and will issue a new Judgment and Commitment Order as of the date of this Order. Petitioner is advised that he has a right to appeal to a higher court, but that he must file a notice of appeal within fourteen days after the date of this Order or forever lose his right to appeal to a higher court. Petitioner is also advised that, if he

15

wishes to appeal to a higher court but lacks the money to hire a lawyer to handle his case on appeal, the Court will appoint a lawyer to handle his case on appeal, and Petitioner may appeal to a higher court without any cost whatsoever to himself.

Finally, the Court **DIRECTS** the Clerk to **CLOSE** the civil case associated with the § 2255 Motion: Civil Action File No. 4:16-CV-0133-HLM-WEJ.

IT IS SO ORDERED, this the 19th day of May, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

16

AO 72A
(Rev.8/8
2)